IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BRANDON RATLIFF, <br><br> Plaintiff, <br><br> vs. <br><br> CARVANA, LLC, BRIDGECREST ACCEPTANCE CORPORATION, LOSS PREVENTION SERVICES, LLC, AND CAROLINA TOWING & RECOVERY SERVICE, LLC, <br><br> Defendants. | Case No. 6:23-cv-05610-TMC <br><br> **COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Brandon Ratliff brings this action against Defendants Carvana, LLC, ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), Loss Prevention Services, LLC ("LPS"), and Carolina Towing & Recovery Service, LLC ("CTRS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*, and Article 9 of the Uniform Commercial Code ("UCC"), S.C. Code § 36-9-101 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Mr. Ratliff's action occurred in this district, where he resides in this district, and where Defendants transact business in this district.

1

## PARTIES

4. Mr. Ratliff is a natural person who at all relevant times resided in Greenville, South Carolina.

5. Mr. Ratliff is allegedly obligated to pay a debt.

6. Mr. Ratliff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and S.C. Code § 37-1-301(10).

7. Carvana is an Arizona limited liability company that does business in this district.

8. Bridgecrest is a company that regularly services consumer paper in the form of automobile loans, and conducts business in this district.

9. Bridgecrest is a "debt collector" as defined by S.C. Code § 37-1-301(28).

10. LPS is a Mississippi limited liability company.

11. LPS is a repossession forwarding company that arranges for the repossession of and remarketing of collateral.

12. At all relevant times, LPS was acting as a repossession agent working at the behest of Bridgecrest and Carvana.

13. At all relevant times, LPS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. LPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

15. CTRS is a South Carolina limited liability company.

16. At all relevant times, CTRS was acting as a repossession agent working at the behest of LPS, Bridgecrest, and Carvana.

17. At all relevant times, CTRS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

18. CTRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

19. In December of 2021, Mr. Ratliff purchased a 2012 Ford Mustang (the "Vehicle") from Carvana.

20. Mr. Ratliff purchased and used the Vehicle for his own personal, family, and household use.

21. The Vehicle constitutes "consumer goods" as defined by S.C. Code § 36-9-102(a)(23).

22. Mr. Ratliff purchased the Vehicle on credit and executed a loan agreement (the "Contract") in Carvana's favor.

23. As part the Contract, Mr. Ratliff granted Carvana a security interest in the Vehicle.

24. The Vehicle constitutes "collateral" as defined S.C. Code § 36-9-102(a)(12).

25. Carvana is a "secured party" as defined by S.C. Code § 36-9-102(a)(73).

26. Thereafter, Bridgecrest began to service the Contract on Carvana's behalf.

27. Thereafter, Bridgecrest engaged its repossession agent, LPS, to repossess the Vehicle.

28. LPS in turn hired CTRS to undertake the actual repossession.

29. On or about February 18, 2023, Plaintiff and his wife travelled in the Vehicle an hour away from their home to shop at a Walmart in Columbia, South Carolina.

3

30. While Plaintiff went in the store, his wife remained in the Vehicle with the engine running.

31. While Plaintiff's wife was in the Vehicle, CTRS located the Vehicle and decided to repossess it.

32. CTRS crashed a towing apparatus into the Vehicle while Plaintiff's wife occupied it.

33. CTRA then lifted the Vehicle while it was occupied by Plaintiff's wife.

34. At this same time, Plaintiff emerged from the store, and he and his wife immediately protested the repossession.

35. A terrifying altercation ensued wherein CTRS staff yelled at and threatened Plaintiff and his wife with physical violence.

36. CTRS's employee spit in Plaintiff's wife's face, put his hands on her, and pushed her.

37. Through the use of threats and physical violence, CTRS accomplished the repossession of the Vehicle over Plaintiff and his wife's protests.

38. As a result, Plaintiff and his wife were stranded approximately a hundred miles from their home.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## CTRS AND LPS

39. Mr. Ratliff repeats and re-alleges each factual allegation contained above.

40. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

4

41. Mr. Ratliff and his wife protested CTRS's repossession, and a loud and violent confrontation ensued. Nonetheless, CTRS attempted to continue the repossession and thereby breached the peace.

42. CTRS used physical force on the body of Mr. Ratliff's wife during the repossession and thereby breached the peace.

43. Because CTRS breached the peace, it lost the right to continue with their repossession.

44. Nonetheless, CTRS continued with its repossession after the right to do so was lost.

45. CTRS violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Mr. Ratliff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest or when the property was exempt from such dispossession or disablement.

46. LPS, as the debt collector that hired CTRS, is liable for CTRS's FDCPA violation.

WHEREFORE, Mr. Ratliff prays for relief and judgment, as follows:

a) Adjudging that CTRS violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging LPS, as the debt collector that hired CTRS, is liable for CTRS's FDCPA violation

c) Awarding Mr. Ratliff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Mr. Ratliff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Mr. Ratliff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Mr. Ratliff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF S.C. CODE § 36-9-609(B)(2)
## CARVANA

47. Mr. Ratliff repeats and re-alleges each factual allegation contained above.

48. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

49. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

50. Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." Official Commentary to S.C. Code § 36-9-609 at Comment 3.

51. Carvana's repossession agents, CTRS, breached the peace by continuing the repossession in the face of Mr. Ratliff and his wife's unequivocal protest, and by using force on the body of Mr. Ratliff's fiancé.

52. Carvana violated S.C. Code § 36-9-609 when its repossession agents, CTRS, breached the peace during its attempted repossession Mr. Ratliff's Vehicle.

WHEREFORE, Mr. Ratliff prays for relief and judgment, as follows:

a) Adjudging that Carvana violated S.C. Code § 36-9-609;

b) Awarding Mr. Ratliff statutory damages, pursuant to S.C. Code § 36-9-625(c)(2);

c) Awarding Mr. Ratliff actual damages, pursuant to S.C. Code § 36-9-625(c)(1);

   d) Awarding Mr. Ratliff pre-judgment and post-judgment interest as permissible by law; and

   e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF S.C. CODE § 37-5-108
## BRIDGECREST, LPS, AND CTRS

53.   Plaintiff repeats and re-alleges each and every factual allegation above.

54.   CTRS violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; to wit, using or threatening to use force, violence, or criminal prosecution against Plaintiff, including harm to the physical person, reputation, or property of Plaintiff.

55.   As the debt collectors that hired CTRS, Bridgecrest and LPS are liable for CTRS's violation of S.C. Code § 37-5-108.

56.   More than thirty (30) days prior to the filing of this complaint, Plaintiff filed written notice of the facts and circumstances of Plaintiff's claim of unconscionable conduct with the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

   WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Bridgecrest violated S.C. Code § 37-5-108;

   b) Adjudging that LPS violated S.C. Code § 37-5-108;

   c) Adjudging that CTRS violated S.C. Code § 37-5-108;

   d) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

   e) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

g) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

54. Mr. Ratliff is entitled to and hereby demands a trial by jury.

Dated: November 3, 2023.

        Respectfully submitted,

        <u>/s/ Chauntel Bland</u>
        Chauntel Bland (USDC Bar No. 11064)
        463 Regency Park Drive
        Columbia, SC 29210
        Telephone: (803) 319-6262
        Chauntel.bland@yahoo.com
        Attorneys for Plaintiff

**Please send correspondence to the below address**

        Chauntel Bland
        Thompson Consumer Law Group, PC
        11445 E Via Linda, Ste. 2 #492
        Scottsdale, AZ 85259