IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brandon Ratliff,<br><br>      Plaintiff,<br><br>Carvana, LLC, Bridgecrest Acceptance Corporation, Loss Prevention Services, LLC, and Carolina Towing & Recovery Service, LLC,<br><br>      Defendants. | C/A#:6:23-cv-05610-TMC<br><br>**DEFENDANT CAROLINA TOWING & RECOVERY SERVICE, LLC, ANSWERS TO LOCAL CIVIL RULE 26.01 (D.S.C.) INTERROGATORIES** |

Defendant Carolina Towing & Recovery Service, LLC ("Carolina Towing"), in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure and Local Civil Rule 26.01 (D.S.C.), hereby answers the Court's Interrogatories as follows:

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: None**

(B) As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER: Plaintiff brings claims for Fair Debt Collection Practices Act, the South Carolina Consumer Protection Code, and Article 9 of the Uniform Commercial Code. Plaintiff has requested a jury trial. However, Plaintiff's claims are subject to arbitration, and the Parties have filed a Joint Motion to Stay Litigation and Compel Arbitration contemporaneously with this filing.**

(C) State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Defendant is not a publicly-owned company, and it is not a parent, subsidiary, partner, or affiliate of any publicly owned company. No public owned company owns ten percent or more of Carolina Towing.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER: Plaintiff filed his Complaint in the Greenville Division of the District Court of South Carolina. The acts alleged in the Complaint took place in Columbia, South Carolina, and the local defendant, Carolina Towing & Recovery Service, LLC is headquartered in Chappells, South Carolina which should place the case in the Columbia Division of the South Carolina District Court. Carolina Towing reserves all applicable defenses regarding venue and personal jurisdiction.**

(E)     Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the relate action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges. [1]

**ANSWER: No.**

(F)     If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleadings reflecting the correct identification.

**ANSWER: Carolina Towing is properly identified.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the other party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER: There are a series of indemnification agreements between the named defendants. Carolina Towing notes that it reserves the right to assert claims for**

---

[1] This information is required in addition to completion of the "related cases" block on the JS44 Civil Cover Sheet. Although the civil cover sheet requires only that parties disclose pending related cases, this interrogatory and this district's assignment procedures require disclosure of any prior or pending related case whether civil or criminal. Therefore, both categories should be disclosed in response to this interrogatory as well as on the JS44 Civil Cover Sheet.

**contribution and/or common law and/or contractual indemnity when and if circumstances warrant.**

(H)  In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER: N/A**

                                        Respectfully submitted,

                                        s/J. Clayton Mitchell, III
                                        J. Clayton Mitchell, III (SCB 101443)
                                        Gallivan, White & Boyd, P.A.
                                        PO Box 7368
                                        Columbia, SC 29202-7368
                                        cmitchell@gwblawfirm.com
                                        (803) 779-1833 Ofc

                                        *Attorney for Carolina Towing & Recovery Service, LLC*

January 22, 2024