IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brandon Ratliff,<br><br>                    Plaintiff,<br><br>Carvana, LLC, Bridgecrest Acceptance Corporation, Loss Prevention Services, LLC, and Carolina Towing & Recovery Service, LLC,<br><br>                    Defendants. | C/A#: 6:23-cv-05610-TMC<br><br>**JOINT MOTION TO STAY LITIGATION AND COMPEL ARBITRATION** |

       Pursuant to the Federal Rules of Civil Procedure, the Federal Arbitration Act, 9 U.S.C. § 1, and Rule 7.3, Carvana, LLC, ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), Loss Prevention Services, LLC ("LPS"), and Carolina Towing & Recovery Service, LLC ("Carolina Towing") (collectively "Defendants") and Brandon Ratliff ("Plaintiff") jointly move that Plaintiff's claims against Defendants be referred to arbitration and this case stayed pursuant to arbitration provisions between Plaintiff and Defendants.

       The grounds for this Motion as are follows:

       1.     This case arises out of an attempted repossession of Plaintiff's vehicle by an agent of Carolina Towing & Recovery Service, LLC. Plaintiff brings claims against the Defendants pursuant to the Fair Debt Collection Practices Act, the South Carolina Consumer Protection Code, and Article 9 of the Uniform Commercial Code.

       2.     Plaintiff entered into a Retail Installment Contract and Security Agreement dated January 8, 2021, with Carvana. Along with the Retail Installment Contract and Security Agreement, the Plaintiff also entered into an Arbitration Agreement ("the Agreement"), which

contains provisions that certain disputes or controversies, such as those brought by Plaintiff, between Carvana and Plaintiff can be resolved by arbitration if invoked by either party.

3. The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") provides federal district courts with the authority to enforce an arbitration agreement by compelling parties to arbitrate their dispute. There exists a strong federal policy favoring arbitration, and federal law requires that courts "rigorously enforce agreements to arbitrate." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *see also Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (noting that there is a "clear federal directive in support of arbitration"). Thus, a "district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500.

4. Further, the FAA provides that where all or part of a dispute is subject to an arbitration agreement, the district court should stay the matter "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

5. Plaintiff and Defendants agree that the Agreement's arbitration provision applies to Plaintiff's claims made against Defendants in this action and that those claims should be referred to arbitration and this case stayed as to all claims pending arbitration.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and Defendants jointly move that Plaintiff's claims against Defendants be referred to arbitration and this case stayed as to all claims pending arbitration pursuant to the Agreement.

(signature on following page)

                                              Respectfully submitted,

                                              s/J. Clayton Mitchell, III
                                              J. Clayton Mitchell, III (Fed No. 11739)
                                              Gallivan, White & Boyd, P.A.
                                              PO Box 7368
                                              Columbia, SC 29202-7368
                                              cmitchell@gwblawfirm.com
                                              (803) 779-1833 Ofc

                                              *Attorney for Defendants*

I CONSENT:

s/Chauntel Bland
Chauntel Bland (USDC Bar No. 11064).
463 Regency Park Drive
Columbia, SC 29210
Telephone: (803) 319-6262
cbland@thompsonconsumerlaw.com

*Attorney for Plaintiff*